IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | |
|---|---|
| JOSEPH COMBS, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 2:08-cv-120 |
| v. ) | Judge Mattice/Inman |
| ) | |
| TOMMY MILLS, Warden, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS**

By order entered July 2, 2008, this Court directed respondent to file an answer or other pleading to the petition. After reviewing the petition and the state court records, respondent concludes that petitioner is not entitled to habeas relief.

The adjudication by the Tennessee Court of Criminal Appeals rejecting Petitioner's challenge to the trial court's permitting an amendment of the presentment resulted in a decision that was neither contrary to nor an unreasonable application of U.S. Supreme Court precedent. In addition, because Petitioner has procedurally defaulted his attempt to raise for the first time in this forum a claim that his trial counsel's representation was deficient for not objecting to the amendment, this claim is ripe for dismissal.

## BACKGROUND

After the jury found Petitioner guilty of especially aggravated kidnapping,

aggravated assault, aggravated perjury, aggravated rape, and seven counts of rape, he raised nine issues on direct appeal. *State v. Combs*, E2000-02800-CCA-R3-CD, 2002 WL 31118329 (Tenn. Crim. App. Sept. 25, 2002). Among other issues on appeal, Petitioner challenged the trial court's decision to allow the State to amend the presentment for the charge of especially aggravated kidnapping.

The Court of Criminal Appeals reversed Petitioner's conviction for aggravated perjury but affirmed the remaining convictions, and the Tennessee Supreme Court denied his permission to appeal on January 27, 2003.

Petitioner filed a timely petition for post-conviction relief. *See* Addendum No. 2, vol. I. *See also State v. Combs*, No. E2006-01241-CCA-R3-PC, 2007 WL 2141541 (Tenn. Crim. App. July 26, 2007). The Tennessee Court of Criminal Appeals affirmed the trial court's dismissal of the petition, and the Tennessee Supreme Court denied review on December 26, 2007. *Id.*

## ARGUMENT

### I. PETITIONER HAS PROCEDURALLY DEFAULTED HIS CHALLENGE TO THE EFFECTIVENESS OF HIS TRIAL COUNSEL.

In his statement of issues, Petitioner complains that "the Tennessee courts failed to address the question of whether the defense counsel was ineffective for failing to challenge the state as, during the trial proceedings, [it] altered the charges against Combs, extending his jeopardy." (Amended Petition at 2). The Tennessee Court of Criminal Appeals did not address this charge against Petitioner's trial counsel for one

2

reason: he did not raise that issue on appeal. Thus, he has procedurally defaulted that challenge to his trial counsel's representation.

Before a federal court may reach the merits of a claim in a timely filed federal habeas corpus petition, the petitioner must have raised each claim included in the federal petition first in the state courts. 28 U.S.C. §2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). The exhaustion requirement ensures that state courts have the first opportunity to address constitutional challenges to state court convictions and preserves the role of state courts in protecting federal guaranteed rights. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

To satisfy the exhaustion requirement, a petitioner must show that he "fairly presented" every claim in the federal petition to each level of the state courts, including the highest state court to which the petitioner was entitled to appeal. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999). In Tennessee, the highest state court is the Court of Criminal Appeals. Rule 39, Tenn. S. Ct. Rules; *Adams v. Holland*, 330 F.3d 398 (6th Cir. 2003).

If a petitioner fails to fairly present his federal claims in the state courts in accordance with the state's procedural rules, he forfeits the right to federal habeas corpus review of those claims unless he can show cause for his noncompliance and actual prejudice as a result of the claimed constitutional violation, *Engle v. Isaac*, 456 U.S. 107, 129 (1982), or can demonstrate that he is actually innocent so that the failure to review

3

his claims will result in a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). The doctrine of procedural default applies to bar federal review when a petitioner has never presented a federal claim to the state courts and has no current avenue to do so. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

Although Petitioner did challenge the effectiveness of his trial counsel for failure to object to the amendment of the presentment in his post-conviction petition, he did not raise this reason for finding trial counsel ineffective on appeal. *See* Addendum No. 2, Brief of Appellant. Thus, Petitioner has procedurally defaulted this reason for challenging the effectiveness of his trial counsel's representation. He offers no excuse for failing to exhaust this challenge in the state courts and has made no showing of prejudice.[1] Accordingly, this Court should conclude that petitioner's failure to exhaust the challenge to his trial counsel's representation results in a forfeiture of this claim.

**II. THIS COURT SHOULD GRANT RESPONDENT JUDGMENT AS A MATTER OF LAW ON THE EXHAUSTED CLAIM.**

As pointed out above, Petitioner revisits his challenge to the constitutionality of the trial court's decision to allow amendment of the charge of especially aggravated kidnapping in the presentment. Because the Tennessee Court of Criminal Appeals exhaustively addressed this challenge and correctly analyzed the issue, this Court should defer to the adjudication of the intermediate state appellate court.

---

[1] In fact, because the Tennessee Court of Criminal Appeals correctly ruled on direct appeal that the amendment to the presentment for especially aggravated kidnapping did not violate Petitioner's constitutional rights, he cannot show prejudice.

4

Federal courts accord federal constitutional claims adjudicated in state courts a great deal of deference under the 1996 amendments to 28 U.S.C. §2254. In habeas corpus proceedings, courts are directed to deny relief:

> With respect to any claim that was adjudicated on the merits in state court proceedings, unless the adjudication of the claim --
>
> > (1) resulted in a decision that was contrary to or involved unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on unreasonable application of the facts in light of the evidence presented at the state court proceeding.

28 U.S.C. §2254(d).

In *Williams v. Taylor*, 529 U.S. 362, 411-13 (2000), the Court explained that a state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. at 410-11. The Court further held that an "unreasonable application" occurs when "the state court identifies the correct legal principle from this Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. Finally, state courts' determination of factual issues are presumed to be correct, leaving petitioners with the burden of rebutting the presumption of

5

correctness by clear and convincing evidence. 28 U.S.C. §2254(e).

The Court of Criminal Appeals approved of the trial court's decision permitting the State to amend count one to reflect a charge of especially aggravated kidnapping and to shorten the alleged period of confinement from November 16, 1989, to April 30, 1990, following an amendment to the Criminal Code.[2] *See Combs*, 2002 WL 31118329 at *41. After comparing the amended statute setting forth the elements of especially aggravated kidnapping with the preamendment statute, the reviewing court pointed out that the amendment of count one did not charge Petitioner with an additional or different offense from that charged in the original presentment. *Id.* Likewise, the Court of Criminal Appeals rejected Petitioner's argument that amending the presentment to reduce the length of time that the he and his wife were alleged to have confined the victim did not charge a different or additional offense. *Id.*

Addressing Rule 7, Tenn. R. Crim. P., the appellate court observed that the rule permits a court to allow an amendment without the defendant's consent before jeopardy attaches. Here, the trial court permitted the amendment before jeopardy attached. *Id.* at 42. Finally, the court concluded that "the allegations in the unamended presentment were quite sufficient to advise the Defendants of the offense for which they had to defend and for which they were ultimately convicted. The amendment did not mislead either Defendant as to the charge in count one; nor did it destroy any potential

---

[2] Effective April 30, 1999, the statute proscribing aggravated kidnapping was amended, and a separate offense of especially aggravated kidnapping was enacted. *See Id.*

6

Case 2:08-cv-00120-HSM-WBC   Document 13   Filed 09/11/08   Page 6 of 8   PageID #: 73

defenses." *Id.* at 43.

The Tennessee Court of Criminal Appeals adjudicated Petitioner's challenge to the amendment of the presentment in a decision that was consistent with the facts adduced at trial. The legal analysis of the Court of Criminal Appeals relied on the Sixth Amendment of the United States Constitution to observe that an indictment must inform the accused of "the nature and cause of the accusation." 2002 WL 31118329 at *43. This principle is consistent with long-established federal law as articulated by the United States Supreme Court. *See Cole v. Arkansas*, 333 U.S. 196, 201 (1948)("it is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made."). Accordingly, this Court should defer to the state court's adjudication of the issue involving the amendment of the indictment and deny and dismiss this exhausted claim.

        Respectfully submitted,

        ROBERT E. COOPER, JR.
        Attorney General & Reporter


        /s/Elizabeth B. Marney
        ELIZABETH B. MARNEY
        Senior Counsel
        Criminal Justice Division
        P.O. Box 20207
        Nashville, Tennessee 37202
        (615) 741-4351
        B.P.R. No. 13326

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on this the 11th day of September, 2008. A copy of the document was served on this same date, via United States Mail, first class postage prepaid, upon the following person who is not registered with the Court's electronic filing system:

Joseph Combs, #317554
960 State Route 212
Tiptonville, TN 38079

                /s/ Elizabeth B. Marney
                ELIZABETH B. MARNEY
                Senior Counsel