UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

JOSEPH COMBS, TDOC #317554    )
                              )
v.                            )       NO. 2:08-CV-120
                              )       *Mattice/Inman*
TOMMY MILLS, Warden           )

**MEMORANDUM and ORDER**

In a prior order, the Court granted respondent's motion for summary judgment as to certain claims raised in state prisoner Joseph Combs' ["Combs"] *pro se* application for a writ of habeas corpus, 28 U.S.C. § 2254. (Doc. 21). Combs now has filed a motion to alter or amend that judgment order, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, arguing that the Court misunderstood the substance of his allegations, which were offered as instances of attorney errors to support his claim of ineffective assistance of counsel, and not as free standing constitutional claims. (Doc. 22).

According to Combs, this is his true claim: "[T]he State of Tennessee violated his federal constitutional rights when its actions resulted in a constructive amendment . . . [which] actions had the effect of denying the petitioner his right to due process . . . [and] his right to fair notice. . . . It is therefore the petitioner's claim that his attorney was ineffective due to his failure to oppose these action's (sic) by the state, thus failing to protect the petitioner's aforementioned rights." (Doc. 22 at 3 - 4). In particular, Combs maintains that he did not claim that there was a "variance" in his indictment, though the Court so inferred. (This inference was based on Combs' contention that, with respect to count one of the presentment—which charged

especially aggravated kidnapping, the facts proved at trial deviated from the facts contained in the presentment.) He insists that his actual claim was that the presentment was constructively amended.

These terms have been explained by the Sixth Circuit:

> "'[A]n amendment involves a change, whether literal or in effect, in the terms of the indictment.'" [*United States v. Flowal,* 163 F.3d 956, 962 (6th Cir.1998)] (quoting *United States v. Barrow,* 118 F.3d 482, 488 (6th Cir. 1997)). In contrast, " '[a] variance occurs when "the charging terms [of the indictment] are unchanged, but the evidence at trial proves facts materially different from those alleged in the indictment." ' " *Id.* If a variance infringes too strongly upon the defendant's Sixth Amendment right to be informed of the nature and cause of the accusation, the variance is considered a "constructive amendment." *Martin v. Kassulke,* 970 F.2d 1539, 1542 (6th Cir. 1992) (citing *United States v. Ford,* 872 F.2d 1231, 1235 (6th Cir. 1989)).

*United States v. Prince,* 214 F.3d 740, 756 -757 (6th Cir. 2000). *See also United States v. Barrow,* 118 F.3d 482, 489 (6th Cir. 1997) ("[A] constructive amendment ... is a variance that is accorded the per se prejudicial treatment of an amendment, because, like an actual amendment, it infringes upon the Fifth Amendment's grand jury guarantee.") (internal quotation marks omitted).[1]

---

[1] Because the Fifth Amendment grand jury requirement does not apply to the states, "federal cases involving indictments are of little value when evaluating the sufficiency ... of a state accusatory pleading." *Wilson v. Lindler,* 995 F.2d 1256, 1264 (4th Cir.) (Widener, J., dissenting), *adopted,* 8 F.3d 173, 175 (4th Cir.1993) (en banc) (per curiam); *see Wilson,* 995 F.2d at 1264 n. 6. *See also Ford*, 872 F.2d at 1235 ("Blurring the distinction between amendments and variances is the concept of the constructive amendment which is a variance that is accorded the per se prejudicial treatment of an amendment."). As if another term was needed to describe the same situation, the Sixth Circuit has observed that "[a] change from the indictment material enough to result in a constructive amendment is also called a 'fatal variance.'" *Lucas v. O'Dea*, 179 F.3d 412, 417 (6th Cir. 1999).

The Court read Combs' pleadings as asserting that, in violation of his right to due process, the state trial court permitted an actual change to the charging instrument (i.e., an amendment). The Court also interpreted his submissions as claiming that evidence offered at trial proved facts different from those alleged in the presentment (i.e., a variance), so different that he was deprived of information necessary to give him notice of the actual charge of especially aggravated kidnapping.

In addressing his "amendment" claim, the Court pointed out that the Fifth Amendment's guarantee of indictment or presentment by a grand jury does not apply to the states does not apply to the states. As discussed in the memorandum opinion, petitioner's claim that his presentment was amended was reviewed by the state appellate court which, like the lower state court, analyzed the allegations under a state rule to find that the amendment sought by the prosecution did not charge an additional or different offense and did not prejudice any substantial right of Combs.[2] This Court concluded that to the extent the claim was founded upon state law, it was not cognizable in these habeas corpus proceedings.

Generally, "the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings," *Knewel v. Egan*, 268 U.S. 442, 446 (1925), unless it fails to provide an accused with sufficient information of the alleged offense to enable him to defend himself against the charge. *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002). "Any other deficiencies in the

---

[2] In Tennessee, a charging instrument may be amended under certain circumstances. *See* Tenn. R. Crim. P., Rule 7(b)(2) ("Without the defendant's consent and before jeopardy attaches, the court may permit such an amendment if no additional or different offense is charged and no substantial right of the defendant is prejudiced.").

3

indictment alleged by petitioner are solely matters of state law and so not cognizable in a federal habeas proceeding." *Id.* (quoting *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir.1986)).

The Court also entertained Combs' contentions that the presentment did not provide information as to the nature and cause of the accusation and applied the "notice" rule in the Sixth Amendment and not the Fifth Amendment's grand-jury-indictment guarantee, which has no relevance to a state conviction. Therefore, regardless of the label chosen for this claim, the essence of Combs' allegations was that he lacked constitutionally-required notice as to the nature and cause of the charge against which he had to defend. The Court understood the substantive claim being raised; applied the relevant legal rules in Supreme Court cases to petitioner's factual allegations; determined that "[t]he charging instrument in question clearly informed Combs of the nature of the accusations against him with such definiteness and certainty as to instruct him of the crime with which he was charged;" and ultimately concluded that, under the deferential review standards for state court decisions in 28 U.S.C. § 2254, habeas relief was unavailable. Petitioner's motion contains no legitimate reason for altering or amending that conclusion.

As a separate basis for the motion, Combs complains that the presentment "implicitly said that the victim was continuously confined within the residence," but that "the state's action[3] resulted in a constructive amendment that effectively denied the residence as the place

---

[3] While the term "the state's action" is factually undeveloped in the Rule 59 motion, the Court presumes that Combs is referring to an assertion contained in his preprinted § 2254 petition that "[e]arly in the trial, the state disavowed the allegation that [the victim] was restrained within the residence for the entire period." (Doc. 5 at ¶ 12.B).

4

of confinement." The Court sees no reason to depart from its prior ruling that "whether a particular set of facts and circumstances constitutes the element of confinement or shows 'continuous confinement' is a question for the factfinder" and not one for a federal court exercising its habeas corpus jurisdiction.

Finally, as to his insistence that the above issues were offered as illustrations of ineffective assistance of counsel and not as independent claims, the Court denied respondent's motion to dismiss his ineffective-assistance claim based on an alleged procedural default because there was no record to support that defense. Therefore, since the claim of ineffective assistance was not dismissed in the Court's prior order but remains outstanding as a ground for habeas corpus relief, there is nothing in that order to alter or amend with respect to that particular claim.

In light of the above discussion, the Court finds that Combs has failed to present appropriate support for the granting of his Rule 59 motion, such as a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Therefore, Combs' motion to alter or amend is **DENIED**. (Doc. 22).

**ENTER**:

                                                    */s/Harry S. Mattice, Jr.*
                                                    HARRY S. MATTICE, JR.
                                          UNITED STATES DISTRICT JUDGE