UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| JOSEPH COMBS, TDOC #317554 | ) | |
| | ) | |
| v. | ) | NO. 2:08-CV-120 |
| | ) | *Mattice/Inman* |
| TOMMY MILLS, Warden | ) | |

## **MEMORANDUM OPINION**

This state prisoner, Joseph Combs ["petitioner" or "Combs"], filed *pro se* a habeas corpus petition and two amended petitions under 28 U.S.C. § 2254, attacking the legality of his confinement under his 2000 Sullivan County, Tennessee convictions for especially aggravated kidnapping, aggravated assault, aggravated perjury, aggravated rape, and rape [Docs. 1, 3, 5].[1] Three of the four grounds for relief contained in the original pleadings have been disposed of and the one remaining claim, alleging ineffective assistance of counsel, is the subject of respondent's recently-submitted, second renewed motion to dismiss [Doc. 33]. This dispositive motion, supported by a brief and supplements to the state court record [Docs. 27, 34, Addenda 3-10], is well taken and, for the reasons which follow, will be **GRANTED**.

---

[1] The perjury conviction was overturned in petitioner's state court appeal. *State v. Combs*, No. E2000-02800-CCA-R3-CD, 2002 WL 31118329 (Tenn. Crim. App. Sept. 25, 2002), *perm. to app. den.* (Tenn. Jan. 27, 2003).

# I. INEFFECTIVE ASSISTANCE CLAIM

In the claim in question, petitioner asserts that his trial and appellate attorney, Richard A. Spivey, gave him ineffective assistance by failing to object to the State's presentation of proof which varied from the facts contained in the presentment, thereby "extending his jeopardy," and to raise the error on appeal. Respondent asserts a procedural default defense, arguing that petitioner did not present this claim properly to the state appellate court during post-conviction proceedings. Petitioner counters that he, in fact, presented the claim in a *pro se* supplemental brief, but that the Court of Criminal Appeals relied on a misinterpretation of state law and declined to consider it.

# II. EXHAUSTION/PROCEDURAL DEFAULT

A state prisoner's petition for a writ of habeas corpus will not be granted unless it appears that the petitioner has exhausted his available state court remedies, or that there is an absence of available state corrective process, or that circumstances exist that render such process ineffective to protect a petitioner's rights. 28 U.S.C. § 2254(b)(1). Exhaustion is completed, however, when the claim is appropriately presented, even if the state courts do not address it. *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001) (citing *Harris v. Rees*, 794 F.2d 1168, 1173-74 (6th Cir. 1986)). Where a petitioner has actually presented his federal claim to the state courts but those courts have declined to address it due to his failure to meet a state procedural requirement, a procedural default occurs. *See, e.g., Murray v. Carrier*, 477 U.S. 478 (1986) (failure to raise claim on appeal). A procedural default forecloses federal review, unless a petitioner can show cause to

excuse his failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation, *Coleman v. Thompson*, 501 U.S. 722, 732 (1999), or that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime" [i.e., a miscarriage of justice]. *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Carrier*, 477 U.S. at 496).

### III. DISCUSSION

As respondent points out, the ineffective-assistance claim was not alleged in Comb's post-conviction petition filed in February, 2004, or in his amended petition filed in July of that year, but was included in a March, 2006, amended petition, in the form of allegations that his attorney had failed to object at trial or argue on appeal that the charges set out in the presentment had been unconstitutionally broadened during the trial. The trial court found that the issue as to whether the presentment had been amended during trial was addressed on direct appeal, was decided against petitioner, and, thus, could not be revived in post-conviction proceedings. Despite this adverse ruling by the trial court, when Combs carried his post-conviction appeal to the Tennessee Court of Criminal, this issue was not among the five claimed attorney missteps presented in his appellate brief [Addendum 6, Nov. 30, 2006 Brf. of Pet'r., p. 3, "Statement of the Issues"].

In December of 2006, post-conviction counsel sought permission, pursuant to his client's own request, for Combs to file a *pro se* supplemental brief, indicating that his client believed that his claims has not been fully presented in the attorney-filed brief [Addendum 6]. On January 8, 2007, petitioner filed a *pro se* motion seeking permission

3

to file a *pro se* supplemental brief and, the following day, Combs' supplemental brief, raising this sole claim, was received, but not filed, by the Court of Criminal Appeals [Add. 7, 8]. Some six months later, the state appellate court issued an order, noting that case law forbade a party represented by counsel to proceed thereafter in a *pro se* capacity; finding both motions—counsel's and Combs'—not well taken; and (implicitly) denying them [Addendum 9].

## A. Maupin Inquiry

When a state invokes a procedural default defense, a court in the Sixth Circuit must apply a four-factor analysis to determine: 1) whether there is a procedural rule which applied to a petitioner's claim and whether a petitioner complied with the rule; 2) whether the procedural rule was actually enforced against a petitioner; 3) whether that rule is an adequate and independent state ground sufficient to block habeas review; and 4) whether a petitioner can demonstrate cause for his failure to comply with the rule and prejudice resulting from the alleged constitutional violation. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Beuke v. Houk*, 537 F.3d 618, 630 (6th Cir. 2008) (applying *Maupin*).

Combs, as noted, denies the procedural default and makes several arguments to sustain his position. Though petitioner does not challenge the existence of factors one and two, he instead suggests that his claim is not procedurally defaulted because the third criteria (involving adequate and independent state procedural rules) is absent in his case.[2] Petitioner offers several arguments to support his premise.

---

[2] An independent and adequate state ground is one "that is independent of the federal question and adequate to support the judgment." *Coleman*, 501 U.S. at 729.

Combs asserts, again generously construing his reply, that the rule is not consistently applied because in *Waller v. State*, 1998 WL 743654 (Tenn. Crim. App. Oct. 15, 1998), the state appellate court permitted—indeed ordered—the petitioner to file a *pro se* brief. While Combs is correct as far as he goes, he does not go far enough. Had he read the cited portion in context, he would have pointed out the section of *Waller* that makes the facts in that case dissimilar the facts in petitioner's case, to wit that "[a]fter [Waller's] brief was filed . . ., but prior to the case being docketed for appellate review, post-conviction counsel was permitted to withdraw by this court due to a conflict created by her acceptance of a position with the public defender's office, who had represented the appellant at trial." *Id.*, 1998 WL 743654, at *1 (citation omitted). Thus, the *pro se* brief in *Waller* was filed by a petitioner who, unlike Combs, was representing himself following counsel's withdrawal.

Combs also suggests that the state court misunderstood and misapplied its own law. For example, he maintains that the holding in *Cole*, as in *Burkhart*, are restricted to a petitioner's active participation at the appellate proceedings, but place no limits on a petitioner's written *pro se* motions or briefs, such as the ones he submitted. This argument goes nowhere because a state's interpretation and application of its own law is not usually a cognizable matter in a federal habeas corpus proceeding, *Pudelski v. Wilson* 576 F.3d 595, 610-611 (6th Cir. 2009) ("State law issues are not subject to habeas review. . . .")

(citing *Estelle v. McGuire,* 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)), and because the type of allegation made here has no role to play in the *Maupin* inquiry.[3]

In his next argument, petitioner contends that the cases cited in the state court order and relied upon by the state court to reject his supplemental brief, *State v. Burkhart*, 541 S.W.2d 365, 371 (Tenn. 1976), and *State v. Cole*, 629 S.W.2d 915, 917 (Tenn. Crim. App. 1981), do not qualify as either as an independent or as an adequate state law ground. More specifically, Combs asserts that the state procedural bar on *pro se* filings by a represented litigant is not independent of federal law because the *Burkhart* court cited to and relied upon a federal case, *United States v. Conder*, 423 F.2d 904 (1970), "for purposes of determining whether there has been a deprivation of constitutional rights." [Doc. 29, Pet'r's Reply to Respondent's Renewed Motion to Dismiss, p.3]. Combs thus alleges, broadly construing his *pro se* reply, *see Alspaugh v. McConnell*, No. 08-2330, slip op. at 5 (6th Cir. May 23, 2011) (observing that "pro se 'pleadings are held to a less stringent standard than those prepared by an attorney'") (quoting *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001)), that the state procedural rule is discretionary and not regularly applied and, therefore, inadequate to absolve a state court from considering *pro se* pleadings. Combs' final and, he believes, most important argument is that the state

---

[3] Of course, a state law ground will be inadequate to bar a federal claim where it is applied "infrequently, unexpectedly, or freakishly;" "discriminat[e][s] against the federal rights asserted;" has a "purpose or pattern to evade constitutional guarantees;" or, if discretionary, is invoked more harshly against disfavored federal rights." *Walker v. Martin*, 131 S.Ct. 1120, 1130 -1131 (2011 (all citations omitted). Combs has not alleged that any of these things are present in his case.

court's rejection of his *pro se* brief during his post-conviction appeal "flies in the face of clearly established Federal law, as determined by the U.S. Supreme Court."[4]

The Sixth Circuit has addressed similar arguments made by other state prisoners:

> Tennessee courts have consistently restricted defendants from "representing themselves while simultaneously being represented by counsel." *Williams v. State,* 44 S.W.3d 464, 469 (Tenn.2001) (citations omitted). The rule that "[a]ppellant had the right either to be represented by a lawyer or to represent himself" and that "appellant cannot have it both ways" goes back to at least 1976. *Meehan v. State,* No. 01C01–9210–CR–00311, 1993 WL 207646, at *4 (Tenn.Crim.App. June 11, 1993) (citing *State v. Melson,* 638 S.W.2d 342, 359 (Tenn.1982); *State v. Burkhart,* 541 S.W.2d 365, 371 (Tenn.1976)). [Petitioner] contends that since the procedural rule comes from *Burkhart,* which originally applied it in the trial-court context, it does not apply to post-conviction proceedings. He further argues that even if there was such a valid procedural rule at some point, it was not clearly established in 2005. Tennessee courts, however, have consistently applied *Burkhart's* rule to post-conviction pro se briefs and to claims raised on appeal. [FN3] Thus, the Tennessee rule is firmly established and regularly followed in this context. The rule does not rely on federal law and exists as an independent and adequate state ground for rejecting [petitioner's] pro se supplemental brief—thus satisfying both the first and third *Maupin* requirements. *See Coleman v. Thompson,* 501 U.S. 722, 730–34, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (explaining that a state procedural rule is independent and adequate when it does not have a basis in federal law).
>
> [Petitioner] argues that the rule is discretionary and that there *have* been cases where the state has accepted pro se briefs from parties represented by counsel. There are exceptional circumstances in which Tennessee courts have allowed hybrid representation. *See Smith v. State,* 757 S.W.2d 14, 16 (Tenn.Crim.App.1988) ("It is entirely a matter of grace for a defendant to represent himself and have counsel, and such privilege should be granted by the trial court only in exceptional circumstances." (quoting *Melson,* 638 S.W.2d at 359)). Occasional exceptions, however, do not call a rule's validity into question. *See Scott v. Mitchell,* 209 F.3d 854, 869 (6th Cir.2000) ("These

---

[4] Petitioner may have mixed up his procedural default arguments with the standard of review for adjudicated claims. *See, e.g., Fulcher v. Motley*, 444 F.3d 791, 822 (6th Cir. 2006) (no writ shall issue on a claim adjudicated in the state court unless the resulting decision is contrary to or an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States. . . .") (citing 28 U.S.C.§ 2254(d)).

7

> cases do indicate that the Ohio Supreme Court ... on occasion, has relaxed its enforcement of default. They do not, however, indicate that Ohio reserves so much leeway in capital cases that we are justified here in ignoring its sovereign decision founded upon its own procedural rule."); *Byrd v. Collins,* 209 F.3d 486, 521–22 (6th Cir.2000) (stating four examples of waiver of default by state courts not enough to overcome vast majority of cases enforcing the default (citations omitted)). Moreover, the Supreme Court recently clarified that "a discretionary state procedural rule can serve as an adequate ground to bar federal habeas review. Nothing inherent in such a rule renders it *45 inadequate for purposes of the adequate state ground doctrine." *Beard v. Kindler,* —— U.S. ——, 130 S.Ct. 612, 618, 175 L.Ed.2d 417 (2009). Thus, even if Tennessee courts sometimes accept pro se supplemental briefs along with briefs filed by counsel, the rule still serves as a procedural bar. As the Court explained, "a discretionary rule can be 'firmly established' and 'regularly followed'—even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Id.* (citation omitted).

*Hill v. Carlton*, 399 Fed.Appx. 38, 43-45 47, 2010 WL 3272800, 4-5 (6th Cir. Aug. 10, 2010) (footnotes omitted), *cert. denied*, 131 S.Ct. 948, 178 L.Ed.2d 783, 79 USLW 3400 (2011).

Here, the state procedural rule used to rebuff petitioner's *pro se* brief—the same one used to reject the *pro se* brief in *Hill*—is an adequate and independent state law ground sufficient to foreclose federal habeas corpus review, absent a showing of cause and prejudice.

**B. Cause and Prejudice**

A petitioner can demonstrate cause by showing that "some factor external to the defense" prevented him or his counsel from complying with the procedural rule or from constructing or raising the claim earlier. *Murray*, 477 U.S. at 488. Interference by officials or the reasonable unavailability of the factual or legal basis for a claim are examples of external factors which satisfy the cause requirement. *Id.* Constitutionally ineffective assistance of counsel will also meet the cause requirement. *Id.* A petitioner

8

meets the prejudice requirement by demonstrating the alleged violation "worked to his <u>actual</u> and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Petitioner attributes any procedural default to his post-conviction counsel who, so Combs' asserts, "filed a brief with the Court of Criminal Appeals, but left off the most important, as well as the strongest, issue." Petitioner maintains that counsel's failure to include this issue was due to his lack of understanding as to the nature of the claim. Even though counsel went so far as to file a motion to rehear, asking the state appellate court to allow him to amend Comb's *pro se* supplemental brief and incorporate it into his own, the Court of Criminal Appeals again denied the motion on the same basis that it declined to consider the *pro se* brief.

Unfortunately for Combs, the law does not support his claim of cause. *Pennsylvania v. Finley*, 481 U.S. 551 (1987), holds there is no constitutional right to an attorney in state post-conviction proceedings. *See id.* at 551 ("We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, a fortiori, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process."). Since there is no federal constitutional right to counsel during post-conviction proceedings, there is no right to the effective assistance of post-conviction counsel. *See Evitts v. Lucey*, 469 U.S. 387, 397 n.7 (1985) ("Of course, the right to effective assistance of counsel is dependent on the right to counsel itself.") (citation omitted). Since petitioner had no right to counsel in his post-conviction proceedings in the first place, ineffective assistance rendered during those proceedings cannot serve as cause.

The Court acknowledges, however, that petitioner did all he could to raise his ineffective assistance claim in the state courts, except for discharging his attorney and electing to represent himself, which is what he would have had to do to present his claim to the state court as required under Tennessee 's procedural rule. *See Hill*, 399 Fed.Appx. 38, 47, 2010 WL 3272800, 7 (White J., concurring) ("Nevertheless, it is troubling that Hill is subject to a finding of procedural default when he did everything in his power to present the issues to the Tennessee courts.")

## IV. CONCLUSION

For all these reasons, the Court finds that Combs has procedurally default his claim of ineffective assistance of counsel and has failed to overcome the default with a showing of cause and prejudice. Accordingly, respondent's second renewed motion to dismiss [Doc. 33] will be **GRANTED** and this petition will be **DISMISSED** in its entirety.

## V. CERTIFICATE OF APPEALABILITY

Finally, the Court must decide whether to issue a certificate of appealability (COA). Petitioner qualifies for issuance of a COA if he has made a substantial showing of the denial of a constitutional right; he makes such a showing by demonstrating that reasonable jurists might question the correctness of the Court's procedural rulings or its assessment of his constitutional claims. *See Slack v. McDaniel,* 529 U.S. 473 (2000). The Court has found that some claims have been procedurally defaulted, while one subclaim (depending on how it was raised) is not cognizable. The Court also has concluded that the

other claims were adjudicated in state court and would not support habeas corpus relief because, after an examination of the state court decisions, the record, and the relevant governing law in Supreme Court cases, those decisions did not run contrary to well established federal law, did not reflect that the state courts had unreasonably applied that law, and did not demonstrate that the state courts had disposed of those claims by unreasonably determining the facts before those courts.

The Court now finds that reasonable jurists could not disagree with the resolution of these claims and could not conclude that they "are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), and will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

A separate order will enter.


**ENTER**:


        */s/Harry S. Mattice, Jr.*
        HARRY S. MATTICE, JR.
        UNITED STATES DISTRICT JUDGE